Filed 6/24/16  P. v. Wilkerson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B271153 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA358428) |
| v. | |
| SATCHELL WILKERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2009, defendant Satchell Wilkerson was charged by information with one count of robbery (Pen. Code, § 211) and one count of criminal threats (§ 422), and it was alleged that he suffered nine prior strike convictions, three prior serious felony convictions, and had served three prior prison terms (§§ 1170.12, subds. (a)-(d), 667, subds. (a)(1), (b)-(i), 667.5, subd. (c)). Defendant was convicted by jury of both counts, and the trial court found the special allegations to be true. He was sentenced to an aggregate term of 65 years to life in prison, consisting of 25 years to life on the robbery count, 15 years for the three prior felony convictions, and a consecutive term of 25 years to life for the criminal threats count.

Defendant appealed, arguing instructional and sentencing error. We affirmed in an unpublished opinion, and the Supreme Court denied defendant's petition for review. (*People v. Wilkerson* (July 19, 2011, B225838), review den. Oct. 19, 2011, S195603.) Following our opinion, defendant, acting in propria persona, filed four petitions for writ of habeas corpus, which were denied by this court. (*In re Wilkerson* (Jan. 4, 2012, B237931); (May 6, 2013, B248050); (Apr. 22, 2014, B255350); (Sept. 16, 2015, B266754).) Defendant also filed at least five petitions for writ of habeas corpus in the trial court. In his writ petitions before this court,[1] defendant argued that there was insufficient evidence of his strike priors, that the trial court erred by failing to instruct on the lesser included offense of petty theft, and that his trial counsel was ineffective for failing to object to the racial composition of the jury.

On September 15, 2015, defendant filed a "Petition for Rehearing" in the trial court, urging that the trial court made a misstatement of fact in its order denying his most recent habeas petition, and urging the court to reach the merits of his claim that his counsel was ineffective for failing to object to the racial composition of the jury. The trial court deemed the motion as one for reconsideration, and denied it. On December 8, 2015, defendant filed a "Motion for Rehearing Due to Sentencing Error" in the trial court,

---

[1]     The petitions filed in the trial court are not part of the record on appeal.

claiming that defendant's sentence erroneously included two prison prior enhancements. The motion was denied.

Defendant filed a notice of appeal. We appointed appellate counsel to represent him. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant filed a supplemental brief with this court, arguing that "under [Penal Code] section . . . 667 appellant was subject to only two 5-year enhancement[s], not three. Appellant['s] 1983 robbery conviction[s] were not brought and tried separately." He also argues that the trial court abused its discretion under section 1385 by not striking his prior strike convictions "which were based on the same single act."

Defendant has not raised a cognizable claim of error on appeal. Defendant's claims of sentencing error should have been raised in his direct appeal or in an earlier habeas petition. (*In re Harris* (1993) 5 Cal.4th 813, 829; *In re Clark* (1993) 5 Cal.4th 750, 767-768.)

We have examined the entire record, and are satisfied that appointed counsel fully complied with her responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm the order below.


**DISPOSITION**

The order is affirmed.

GRIMES, J.


WE CONCUR:


BIGELOW, P. J.


FLIER, J.


3